**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Friends of the Panamint Valley, *et al.*, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Dirk Kempthorne *et al.*, ) <br> ) <br>     Defendants, and. ) <br> ) <br> National Parks Conservation Association ) <br>     *et al.*, ) <br> ) <br>     Proposed Defendant-Intervenors ) <br> _____) | **Civ. No. 1:06cv1560 (JDB)** <br><br> **ANSWER OF DEFENDANT-INTERVENORS NATIONAL PARKS CONSERVATION ASSOCIATION** *ET AL.* **TO PLAINTIFFS' COMPLAINT** |

## INTRODUCTION

Proposed Defendant-Intervenors National Parks Conservation Association, Center for Biological Diversity, Public Employees for Environmental Responsibility, Sierra Club, California Wilderness Coalition, and The Wilderness Society (collectively, "NPCA") hereby answer plaintiffs' Complaint filed September 5, 2006 (as amended by an errata filed September 26, 2006). All allegations not expressly admitted below are denied.

## NATURE OF ACTION

1. Paragraph 1 contains Plaintiffs' characterization of their case to which no answer is required. To the extent that paragraph 1 contains factual allegations that require a response, NPCA denies these allegations.

2. The first sentence of paragraph 2 contains Plaintiffs' characterization of their case to which no answer is required. NPCA admits the quoted text in the second sentence of paragraph 2 is contained in the cited Act. NPCA admits the allegations in the third through fifth sentences in paragraph 2.

3. The first sentence of paragraph 3 contains legal assertions that require no answer. The second sentence of paragraph 3 contains a citation to a federal appellate case that was withdrawn and superseded on rehearing by *Shultz v. Department of Army*, 96 F.3d 1222 (9th Cir. 1996), which NPCA therefore denies.

4. The first six sentences of paragraph 4 contain legal assertions that require no answer. NPCA denies the allegation in the seventh sentence. The eighth sentence contains a legal citation for which no answer is required.

5. NPCA admits paragraph 5.

6. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies them.

7. NPCA admits the first sentence of paragraph 7. NPCA denies the allegations in the second sentence of paragraph 7. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 7, and therefore denies them.

8. NPCA denies the allegations in paragraph 8.

9. Paragraph 9 contains Plaintiffs' characterization of their case to which no answer is required. To the extent that paragraph 9 contains factual allegations that require a response, NPCA denies these allegations.

## JURISDICTION AND VENUE

10. Paragraph 10 contains Plaintiffs' characterization of their case to which no answer is required. NPCA denies the statement in the first sentence of paragraph 10 that an "existing County road" exists in the area. To the extent that paragraph 10 contains additional factual allegations that require a response, NPCA denies these allegations.

11. NPCA denies the allegations in the first sentence of paragraph 11. NPCA admits that the quoted text in the second sentence of paragraph 11 appears in the text of *Southern Utah Wilderness Alliance v. BLM*, 425 F.3d 735, 748 (10th Cir. 2005).

12. The first sentence of paragraph 12 contains Plaintiffs' characterization of their case to which no answer is required. NPCA denies the legal conclusions in the second sentence of paragraph 12.

13. NPCA denies the allegations in paragraph 13.

14. NPCA denies that "Defendants have also consented to a waiver of sovereign immunity in civil actions to adjudicate disputes involving a person suffering a legal wrong." NPCA admits that "Defendants have also consented to a waiver of sovereign immunity in civil actions to adjudicate disputes involving a person … adversely affected or aggrieved by agency action" within the meaning of the relevant statute, pursuant to 5 U.S.C. § 702.

15. The first sentence of paragraph 15 contains Plaintiffs' characterization of their case to which no answer is required.  NPCA admits that the quoted text in the first sentence of paragraph 15 appears in the text of 28 U.S.C. § 1361.  The remainder of paragraph 15 contains Plaintiffs' characterization of their case to which no answer is required.

16. Paragraph 16 contains Plaintiffs' characterization of their case to which no answer is required.  NPCA admits that the quoted text in the first sentence of paragraph 16 appears in the text of 28 U.S.C. § 1361.  NPCA denied the final sentence of paragraph 16.

17. NPCA denies paragraph 17.

18. Paragraph 18 contains Plaintiffs' characterization of their case to which no answer is required.

19. Paragraph 19 contains Plaintiffs' characterization of their case to which no answer is required.  NPCA admits that the principal offices of the Defendant federal agencies are located in the District of Columbia.

20. NPCA denies paragraph 20.

21. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and final sentences of paragraph 21, and therefore denies

them.  NPCA admits that the statute of limitations for claims under the federal Quiet Title Act is twelve years.

22. NPCA denies the first sentence of paragraph 22.  NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph 22, and therefore denies them.

23. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies them.

24. Paragraph 24 contains Plaintiffs' characterization of their case to which no answer is required.  NPCA admits that 5 U.S.C. § 706(1) allows a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."

## PARTIES

25. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, fourth and fifth sentences of paragraph 25, and therefore denies them.  NPCA admits the second sentence of paragraph 25.  NPCA denies the allegations in the third sentence of paragraph 25.

26. NPCA denies the statement in the second sentence of paragraph 26 that the partners currently have no access to private property near Panamint City.  NPCA denies the third sentence of paragraph 26.  NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 26, and therefore denies them.

27. NPCA admits the second sentence of paragraph 27.  NPCA denies the third sentence of paragraph 27.  NPCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 27, and therefore denies them.

28. NPCA admits the first, second, and fourth sentences of paragraph 28.  NPCA denies the allegations in the third sentence of paragraph 28.

29. NPCA admits the allegations in paragraph 29.

30. NPCA admits that Kathleen Clarke is the Director of the Bureau of Land Management (BLM).  The remainder of the first sentence of paragraph 30 constitutes Plaintiffs' characterization of their case to which no response is required.  NPCA admits the second and third sentences of paragraph 30.

31. NPCA admits that Mike Pool is the Director of the California State Office of BLM.  The remainder of the first sentence of paragraph 31 constitutes Plaintiffs' characterization of their case to which no response is required.  NPCA admits the second and third sentences of paragraph 31.

32. NPCA admits that Hector Villalobos is the Field Manager for the Ridgecrest, California BLM field office.  The remainder of the first sentence of paragraph 32 constitutes Plaintiffs' characterization of their case to which no response is required.  NPCA admits the second and third sentences of paragraph 32.

33. NPCA admits paragraph 33.

34. NPCA denies that Fran Mainella is Director of the National Park Service, and so denies the entirety of paragraph 34.

35. NPCA admits paragraph 35.

36. NPCA admits paragraph 36.

**FACTUAL ALLEGATIONS**

37. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 37, and therefore denies them.

38. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 38, and therefore denies them.

39. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 39, and therefore denies them.

40. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 40, and therefore denies them.

41. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 41, and therefore denies them.

42. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 42, and therefore denies them.

43. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 43, and therefore denies them.

44. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 44, and therefore denies them.

45. NPCA denies the allegations in the first sentence of paragraph 45. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 45, and therefore denies them.

46. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 46, and therefore denies them.

47. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 47, and therefore denies them.

48. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 48, and therefore denies them.

49. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the statement in the first sentence of paragraph 49 that the Surprise Canyon Road was created in the 1870s and therefore denies that allegation.  NPCA admits that President Herbert Hoover designated certain lands as the Death Valley National Monument by proclamation on February 11, 1933.  NPCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in the paragraph 49, and therefore denies them.

50. NPCA admits the first sentence of Paragraph 50.  NPCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in the paragraph 50, and therefore denies them.

51. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 51, and therefore denies them.

52. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 52, and therefore denies them.

53. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 53, and therefore denies them.

54. NPCA admits that the groups identified in paragraph 54 filed litigation on the date stated, but deny that that litigation concerned the California Desert Conservation Plan, when it actually concerned "California Desert Conservation Area Plan."

55. NPCA denies the allegation in paragraph 55.

56. NPCA denies the first sentence of paragraph 56. NPCA admits that the quoted language in the second sentence of paragraph 56 appears in a court stipulation. NPCA admits the third sentence of paragraph 56.

57. NPCA admits the first sentence of paragraph 57. NPCA denies the second sentence of paragraph 57. Deny or the document speaks for itself.

58. NPCA denies paragraph 58.

59. NPCA denies the first sentence of paragraph 59. NPCA admits that the text quoted in the second sentence of paragraph 59 is found in the environmental assessment cited.

60. NPCA admits that the text quoted in paragraph 60 is found in the environmental assessment cited. NPCA denies the remainder of paragraph 60.

61. NPCA admits that a gate was installed prohibiting access to parts of Surprise Canyon at some point. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in the paragraph 61, and therefore denies them.

62. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 62, and therefore denies them.

63. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 63, and therefore denies them.

64. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 64, and therefore denies them.

65. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 65, and therefore denies them.

66. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 66 and therefore denies them.

67. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 67 and therefore denies them.

68. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 68, and therefore denies them.

69. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 69 and therefore denies them. NPCA denies that the authority for or consequences of a trespass action are derived from the section of the Code of Federal Regulations cited in the second sentence of paragraph 69 since the cited section of the Code of Federal Regulations does not exist.

70. NPCA denies the allegations in paragraph 70.

71. Paragraph 71 contains Plaintiffs' characterization of their case to which no answer is required. To the extent that paragraph 71 contains factual allegations that require a response, NPCA denies these allegations.

72. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 72, and therefore denies them.

73. NPCA admits paragraph 73, and that the quoted text is contained in the cited Act.

74. NPCA denies paragraph 74.

75. NPCA denies paragraph 75.

76. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 76 that BLM and NPS have refused to take action on the Plaintiff Lollich's right-of-way application, and therefore denies that allegation.

77. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 77, and therefore denies them.

## STATUTORY BACKGROUND

*RIGHT-OF-WAY GRANTS UNDER R.S. 2477*

78. NPCA admits that the quoted text in the first sentence of paragraph 78 is contained in the cited Act.  NPCA admits the remainder of paragraph 78.

79. Paragraph 79 contains a citation to and characterization of a federal appellate case that was withdrawn and superseded on rehearing by *Shultz v. Department of Army*, 96 F.3d 1222 (9th Cir. 1996), which NPCA therefore denies.

80. NPCA admits the first sentence of paragraph 80.  NPCA further admits the third sentence of paragraph 80, that FLPMA preserved any rights-of-way that existed before October 21, 1976.  NPCA denies the remaded of paragraph 80.

81. NPCA admits paragraph 81.

82. NPCA denies paragraph 82.

83. NPCA denies paragraph 83.

84. NPCA admits that the quoted text in paragraph 84 is contained in the cited state law legal decision.

85.     NPCA admits that the quoted text in the first sentence of paragraph 85 is contained in the cited state law legal decision.  NPCA denies the remainder of paragraph 85.

86.     NPCA admits that under California state law, markings on official maps can provide evidence of the existence of a public road.

87.     NPCA admits that the quoted text in the third sentence is contained in *Wood v. The Truckee Turnpike Co.*, 24 Cal. 474, 476-77 (Cal. 1864).  NPCA admits that the quoted text in the final sentence is contained in the case cited there.  The remainder of paragraph 87 constitutes characterizations of state law cases, which cases are the best evidence of their content.

88.     NPCA denies the first, third, and fourth sentences of paragraph 88.  NPCA admits the second sentence of paragraph 88.  NPCA denies that the quoted text in the final sentence is contained in the case cited at the page cited, and therefore denies the allegations of that sentence.

*THE CALIFORNIA DESERT PROTECTION ACT*

89.     NPCA admits paragraph 89.

90.     NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and therefore denies them.

91.     NPCA denies the allegation in the first sentence of paragraph 91 that Senator "Diane" [sic] Feinstein's statement, recorded at 140 Cong. Red. S5315-03, makes any mention of the Surprise Canyon Road.  The second sentence is a citation to which no reply is required.  NPCA admits the allegation in the third sentence of paragraph 91 that Senator Feinstein stated (at 140 Cong. Red. S5315-03) that the area of the Surprise Canyon proposed wilderness was reduced from the area as proposed in an earlier version of proposed legislation.  NPCA denies

any other allegations of the third sentence of paragraph 91.  NPCA denies the allegation in the fourth sentence of paragraph 91, which purports to quote a certain "committee's report" without identifying that report with specificity.  NPCA denies the last sentence of paragraph 91.

92. The first sentence of paragraph 92 contains plaintiffs' legal conclusions, which require no answer.  NPCA admits that the quoted passage in the second sentence of paragraph 92 appears in the statute cited.

93. NPCA denies paragraph 93.

94. Paragraph 94 contains legal assertions and characterizations of plaintiffs' claims that require no answer.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: QUIET TITLE IN A RIGHT-OF-WAY EASEMENT ACROSS FEDERAL PUBLIC LANDS PURSUANT TO R.S. 2477

95. In answer to paragraph 95, NPCA incorporates by reference its responses to each of the foregoing paragraphs.

96. Paragraph 96 contains legal assertions and characterizations of plaintiffs' claims that require no answer.

97. NPCA denies the assertion in paragraph 97 that Plaintiffs can claim any interest in real property pursuant to R.S. 2477.  The remainder of paragraph 97 contains legal assertions and characterizations of plaintiffs' claims that require no answer.

98. NPCA admits that the quoted text in paragraph 98 is contained in the cited Act.

99. NPCA denies paragraph 99.

100. NPCA denies paragraph 100.

101. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101, and therefore denies them.

102. Paragraph 102 contains legal assertions and characterizations of plaintiffs' claims that require no answer, and to the extent they require an answer, NPCA denies them.

103. Paragraph 103 contains legal assertions and characterizations of plaintiffs' claims that require no answer, and to the extent they require an answer, NPCA denies them.

104. NPCA denies paragraph 104.

**SECOND CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT RECOGNIZING A RIGHT-OF-WAY**
**EASEMENT ACROSS FEDERAL PUBLIC LANDS PURSUANT TO R.S. 2477**

105. In answer to paragraph 105, NPCA incorporates by reference its responses to each of the foregoing paragraphs.

106. NPCA admits that the quoted text in paragraph 106 is contained in the cited Act.

107. Paragraph 107 contains legal assertions and characterizations of plaintiffs' claims that require no answer, and to the extent they require an answer, NPCA denies them.

108. NPCA admits that the quoted text in paragraph 108 is contained in the cited Act.

109. NPCA denies paragraph 109.

110. NPCA denies paragraph 110.

**THIRD CLAIM FOR RELIEF:**
**WRIT OF MANDAMUS TO COMPEL THE DEFENDANTS TO PROVIDE**
**ACCESS TO RIGHT-OF-WAY EASEMENT ACROSS FEDERAL PUBLIC**
**LANDS PURSUANT TO R.S. 2477**

111. In answer to paragraph 111, NPCA incorporates by reference its responses to each of the foregoing paragraphs.

112. The first sentence of paragraph 111 contains legal assertions and characterizations of plaintiffs' claims that require no answer. NPCA admits that the quoted text in the second sentence of paragraph 112 is contained in the cited Act.

113. NPCA denies paragraph 113.

114. NPCA admits that the quoted text in paragraph 114 is contained in the cited Act.

115. NPCA denies paragraph 115.

116. NPCA denies paragraph 116.

117. NPCA denies paragraph 117.

118. NPCA denies paragraph 118.

119. Paragraph 119 contains legal assertions and characterizations of plaintiffs' claims that require no answer.

**FOURTH CLAIM FOR RELIEF:**
**INJUNCTION AND/OR WRIT OF MANDAMUS COMPELLING THE BLM'S**
**UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED RESPONSE**
**TO PLAINTIFFS' APPLICATION FOR A RIGHT-OF-WAY**

120. In answer to paragraph 120, NPCA incorporates by reference its responses to each of the foregoing paragraphs.

121. The first sentence of paragraph 121 contains legal assertions and characterizations of plaintiffs' claims that require no answer. NPCA admits that the quoted text in the second sentence of paragraph 121 is contained in the cited Act.

122. NPCA admits that the quoted text in the paragraph 122 is contained in the cited case.

123. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123, and therefore denies them.

124. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124, and therefore denies them.

125. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125, and therefore denies them.

126. NPCA denies the allegation in paragraph 126 that the plaintiff has a "clear right to the relief sought." NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126. In addition, paragraph 126 contains legal assertions and characterizations of plaintiffs' claims that require no answer.

127. NPCA admits that the quoted text in the first sentence of paragraph 127 is contained in the cited Act, although NPCA denies that the word "shall" is emphasized in the Act. NPCA denies the last sentence of paragraph 127.

128. NPCA denies the first sentence of paragraph 128. NPCA admits that the quoted text in the second sentence of paragraph 128 is contained in the cited Act.

129. The first sentence of paragraph 129 contains legal assertions and characterizations of plaintiffs' claims that require no answer. NPCA denies the final sentence of paragraph 129.

130. NPCA denies the first and third sentences of paragraph 130. NPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 130.

131. NPCA denies paragraph 131.

132. Paragraph 132 contains legal assertions and characterizations of plaintiffs' claims that require no answer.

## REQUEST FOR RELIEF

No response is required to Plaintiffs' Prayer for Relief paragraphs 133-141. To the extent an answer is required, NPCA specifically denies each allegation contained in the Prayer for Relief and denies that Plaintiffs are entitled to any relief. NPCA requests that this Court:

1. Deny Plaintiffs the relief they seek;

2. Dismiss this action with prejudice;

3. Award NPCA its costs and attorney fees to the extent provided for by law; and

4. Award NPCA such other relief as is the Court deems just and proper.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, NPCA asserts that:

1. The Court lacks jurisdiction over the subject matter of Plaintiff's Quiet Title Act claims due to Plaintiffs' failure to satisfy the "particularity" requirement of the Quiet Title Act and thereby invoke a waiver of the United States' sovereign immunity under the Act.

2. The Court lacks jurisdiction over the subject matter of Plaintiff's Quiet Title Act claims due to the fact that Plaintiffs are not the putative owners of the property claimed pursuant to the Quiet Title Act.

3. The Court lacks jurisdiction over the subject matter of this action due to Plaintiffs' failure to allege facts sufficient to show that they can satisfy the statute of limitations set forth in the Quiet Title Act.

4. Plaintiffs have failed to state a claim upon which relief can be granted.

5. Plaintiffs' claims are barred by the statute of limitations in the Quiet Title Act.

By way of relief, NPCA requests that this Court:

1. Deny plaintiffs the relief they seek.

2. Dismiss this action with prejudice.

3. Award NPCA its costs and attorneys' fees to the extent provided for by law.

4. Award NPCA such other relief as is just and equitable.

Respectfully submitted this 8th day of November, 2006.

_s/ James S. Angell_____
James S. Angell (D.C. Bar# 460285)
Edward B. Zukoski
McCrystie Adams
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO 80202
Telephone: (303) 623-9466

Attorneys for Proposed Defendant-Intervenors

Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x 307
Facsimile: (415) 436-9683
Email: lbelenky@biologicaldiversity.org

Attorneys for Proposed Defendant-Intervenors Center for Biological Diversity, Public Employees for Environmental Responsibility, and Sierra Club

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of November 2006, I filed a true and exact copy of the ANSWER OF DEFENDANT-INTERVENORS NATIONAL PARKS CONSERVATION ASSOCIATION ET AL. TO PLAINTIFFS' COMPLAINT on CD and hard copy via first-class pre-paid U.S. Mail to the following:

Karen Budd-Falen  
BUDD-FALEN LAW OFFICES, LLC  
300 East 18th Street  
Post Office Box 346  
Cheyenne, Wyoming 82003-0346  
(307) 632-5105 Telephone  
(307) 637-3891 Facsimile  
karen@buddfalen.com  
    *Attorney for Plaintiffs*

Guillermo Montero  
U.S. Department of Justice, Natural Resources Division  
601 D Street, N.W., Room 3529  
Washington, D.C. 20004  
TEL: (202) 305-0443  
FAX: (202) 305-0274  
Guillermo.Montero@usdoj.gov  
    *Attorney for Defendants*

                                                  s/Lynda Lovett