# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Friends of the Panamint Valley, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | **Civ. No. 1:06cv1560 (JDB)** |
| ) | |
| v. ) | |
| ) | **PROPOSED DEFENDANT-** |
| Dirk Kempthorne *et al.*, ) | **INTERVERNORS MEMORANDUM** |
| ) | **IN RESPONSE TO FEDERAL** |
| Defendants, and ) | **DEFENDANTS' MOTION** |
| ) | **TO TRANSFER OR, IN THE** |
| National Parks Conservation ) | **ALTERNATIVE, TO DISMISS CLAIMS** |
| Association *et al.*, ) | |
| ) | |
| Proposed Defendant-Intervenors ) | |
| _____ ) | |

Proposed Defendant-Intervenors the National Parks Conservation Association *et al.*, (collectively, "Conservation Groups") support the Federal Defendants' Motion to Transfer the Case, or, in the Alternative, to Dismiss Plaintiffs' First and Third Claims for Relief for the reasons cited in the Federal Defendants' motion and memorandum filed December 7, 2006 (Docket No. 12) ("USA's Transfer Memo."), and for the additional reasons set forth below.[1]

As Federal Defendants properly note, this Court is without jurisdiction to adjudicate claims under the Quiet Title Act (QTA) if they relate to property located in a district outside the District of Columbia. When Congress adopted the QTA, it also amended 28 U.S.C. § 1402 by adding subsection (d) to provide that venue for actions brought under 28 U.S.C. § 2409 (the

---

[1] Conservation Groups filed a Motion to Intervene in this case on November 9, 2006. Docket No. 8. Briefing on that motion has been stayed pending the Court's resolution of the Federal Defendant's Motion to Transfer. *See* Minute Order (December 11, 2006). While Conservation Groups are not yet parties to this case, we provide this short memorandum to assist the Court in its consideration of the USA's Transfer Motion.

1

QTA) "shall be brought in the district court of the district <u>where the property is located</u>."  28 U.S.C. § 2409(d) (emphasis added); s*ee also* USA's Transfer Memo. at 6.

Defendants argue, and we agree, that this Court is therefore without jurisdiction to hear the Plaintiffs' First and Third claims for relief.  USA's Transfer Memo. at 6-7.  Plaintiffs' First Claim for Relief seeks to quiet title to an allegedly valid "right-of-way over a road that traverses Federal public land."  Plaintiffs' Complaint (Sep. 5, 2006) at ¶ 96 (Docket No. 1).  Plaintiffs admit that the public land at issue is located not in the District of Columbia, but in Inyo County, California.  *Id*. at ¶ 5.  Therefore, 28 U.S.C. § 1402(d) specifically requires that Plaintiffs bring their suit in the Eastern District of California.  Plaintiffs' Third Claim for relief should also be brought in that district, as Federal Defendants show.  USA's Transfer Memo. at 7.  That claim seeks a writ of mandamus compelling the Federal Defendants to provide access to the alleged right-of-way, based on the assumption of a favorable resolution of the quiet title claim even though that issue has yet to be decided by the only district court before which Plaintiffs' QTA claim can be brought.  *See* Complaint at ¶¶ 111-19.  Further , the Supreme Court and others hold that where a plaintiff's claims put title at issue – as plaintiffs mandamus claim does here – such claims must be brought under the QTA.  *See Block v. North Dakota,* 461 U.S. 273, 286 (1983) ("Congress intended the QTA to provide the <u>exclusive means </u>by which adverse claimants could challenge the United States' title to real property." (emphasis added)); *Warren v. United States*, 234 F.3d 1331, 1335 (D.C. Cir. 2000) (quoting *Block*); *United States v. Mottaz,* 476 U.S. 834, 842 (1986); *Neighbors for Rational Development v. Norton*, 379 F.3d 956, 961 (10th Cir. 2004).

Conservation Groups would go further, and seek transfer or dismissal of Plaintiffs' Second Claim for Relief because it, too, is inextricably bound up in Plaintiffs' QTA claim, and therefore must also be brought in the Eastern District of California.  The Second Claim seeks a

"declaratory judgment recognizing a right-of-way easement across federal public lands pursuant to R.S. 2477." Complaint at p. 27. However, a court cannot "recognize that … a right-of-way exists"– the declaratory judgment Plaintiffs seek – without adjudicating the QTA claim. *Id*. at ¶ 110. Plaintiffs effectively admit this when they describe their Second Claim as one that "seeks to quiet title through declaratory relief." *Id*. at ¶ 107. Since the QTA provides the sole waiver of sovereign immunity for claims to quiet title, as the Supreme Court emphatically stated, any judgment declaring title against the Federal Defendants can only be had through the QTA. *Block,* 461 U.S. at 286. Thus, Plaintiffs' Second Claim for Relief, like Plaintiffs' Third Claim, presumes that Plaintiffs have prevailed on their QTA claim, which this Court cannot adjudicate.

Finally, Conservation Groups agree that transfer of Plaintiffs' remaining and Fourth Claim for Relief is appropriate, given that the other three related claims cannot be heard in this Court. *See* USA's Transfer Memo. at 7-11. Transferring the remaining claim will serve the interests of justice as well as the convenience of the parties and potential witnesses.

Conservation Groups therefore respectfully request that this Court grant Federal Defendants' request that this case be transferred to the Eastern District of California. Conservation Groups further request, in the alternative, that all Plaintiffs' claims related to title be dismissed.

Respectfully submitted this 18th day of December, 2006.

_s/ Edward B. Zukoski_____
James S. Angell (D.C. Bar # 460285)
Edward B. Zukoski
McCrystie Adams
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO  80202
Telephone:  (303) 623-9466

Attorneys for Proposed Defendant-Intervenors

Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x 307
Email: lbelenky@biologicaldiversity.org

Attorneys for Proposed Defendant-Intervenors Center for Biological Diversity, Public Employees for Environmental Responsibility, and Sierra Club